UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM CULBRETH,

                     Plaintiff,

-against-

WELLPATH; DR. P.,

                     Defendants.

24-CV-0090 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained at Orange County Jail ("OCJ"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants Wellpath and "Dr. P." violated his rights when Dr. P. made offensive comments. By order dated March 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint. On the afternoon of December 22, 2023, Plaintiff was in "Med #2 Dayroom" at OCJ when Dr. P. and Officer Bryce Sotelo came into the room. (ECF 1, at 5.)[2] Dr. P. was holding six blue gloves and Vaseline, and Officer Sotelo was holding a flashlight. Office Sotelo told Jesus Torres, another prisoner, "you should lock in I don't think you want to see this." (*Id*.) Dr. P. laughed, which prompted Plaintiff to ask, "well what are you going to do to me?" (*Id*.) Dr P. responded, "something you might like." (*Id*.) He made the comment in front of Torres, Officer Sotelo and Officer Crump, who was also in the room. Plaintiff said, "no I'm good," and asked if he could have the Vaseline, which Dr. P. gave to him. (*Id*.) Plaintiff then said to Dr. P. , "I thought you got fired for harassment," and Dr. P. smiled and said, "they brung me back[,] they need me." (*Id*.)

Plaintiff brings this action characterizing the incident as "6.3 right to medical care (sexual assault)." (*Id*. at 2.) He asserts the following as his injuries: "my mental status was a little

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

scarred. I didn't expect a dr. to speak to me that way it makes me look at Dr's very differently." (*Id*. at 6.) Plaintiff further asserts that he would like to see a new doctor because he is "terrified of Dr. P and his sexual slurs." (*Id*.) He also seeks money damages.

## DISCUSSION

### A.  Section 1983 Claims

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff brings this action against Wellpath, the medical provider at OCJ, and Dr. P. seeking damages under Section 1983 for Dr. P.'s comments that he perceived as offensive and tantamount to sexual abuse. However, verbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation. *See, e.g.*, *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 500 (S.D.N.Y. 2014) ("[V]erbal harassment or profanity alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983[.]" (internal citation and quotation marks omitted)); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 508 (S.D.N.Y. 2012) (noting that the court "found no case in which a plaintiff had established an actionable claim of sexual harassment under *Boddie [v. Schnieder*, 105 F.3d 857 (2d Cir. 1997)], without having physical contact with the alleged perpetrator").

Plaintiff's assertion that Dr. P. uttered offensive statements, which he characterizes as a "sexual assault" (ECF 1, at 2), does not rise to the level of a constitutional violation. Because this allegation does not suggest that Dr. P. inflicted or caused any physical harm or injury to Plaintiff when he uttered the statements, Plaintiff does not state a claim under Section 1983. The Court therefore dismisses Plaintiff's claims against Dr. P. and Wellpath for failure to state a claim on which relief maybe granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

**B.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[3] The Court assumes that Wellpath is a state actor when providing medical services at OCJ, solely for the purposes of this order. *See, e.g., Davis v. Westchester Cnty.*, No. 20-CV-0517 (NSR), 2021 WL 3604762, *3 (S.D.N.Y. Aug. 12, 2021) ("Defendants aver that these claims [against Wellpath] are effectively against a municipality[.]") Because the Court finds that Plaintiff does not state a claim for relief under Section 1983, the Court does not address any municipal liability claims that Plaintiff may be seeking to bring against Wellpath, as Dr. P.'s employer.

### C. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge